**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PLANT FOOD SYSTEMS, INC.,

      Plaintiff,

vs.                                        Case No: 6:12-cv-788-Orl-37GJK

TIMOTHY R. GOTTWALD, JAMES H.
GRAHAM, MICHAEL S. IREY,
THOMAS G. MCCOLLUM, and BRUCE
W. WOODS,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1.     Plaintiff's Notice of Partial Voluntary Dismissal (Doc. No. 21), filed June 15, 2012;

2.     Plaintiff's Motion to Remand (Doc. No. 22), filed June 18, 2012;

3.     The Court's Order to Show Cause (Doc. No. 26), issued June 20, 2012;

4.     Plaintiff's Motion to Correct of for Reconsideration (Doc. No. 28), filed June 22, 2012;

5.     Plaintiff's Brief in Support of Unopposed Motion to remand (Doc. No. 31), filed June 29, 2012; and

6.     Defendant James H. Graham's Response to Order to Show Cause (Doc. No. 32), filed June 29, 2012.

In its Notice of Partial Voluntary Dismissal, Plaintiff voluntarily dismissed all claims pending against Defendants Timothy R. Gottwald, Thomas G. McCollum and Bruce W. Wood, all of whom have been identified as federal officers by the United

States. (*See* Doc. Nos. 1, 8, 21.) By doing so, Plaintiff has dismissed all claims against the United States, the real party in interest. Thus, upon consideration, the Court finds that Plaintiff's voluntary dismissal, which was noticed on June 15, 2012, was effective because it dismissed all claims against the United States. Even if the dismissal was ineffective, the Court construes Plaintiff's Notice as a motion to drop such Defendants pursuant to Federal Rule of Civil Procedure 21. The Court grants such Motion, and dismisses without prejudice all claims against Defendants Timothy R. Gottwald, Thomas G. McCollum and Bruce W. Wood, as well as any and all claims against the United States, the real party in interest.

Plaintiff also moves to remand this case to state court. (Doc. No. 22.) The Court construes this Motion as a request to exercise its discretion to decline to exercise ancillary jurisdiction over the remaining state law claims brought against the nonfederal Defendants. *See Williams v. City of Atlanta*, 794 F.2d 624, 625 (11th Cir. 1986). Defendant Graham contends that this Court should retain jurisdiction over the remaining claims because Plaintiff's damages may arise from injuries to its trademarks and patents, and because Plaintiff's claims may be foreclosed by the protections of the First Amendment. (Doc. No. 32.) While the Court is not unmindful of the potential interplay between rights created or protected by federal law and Plaintiff's remaining state law claims, any such interplay is outweighed by the substantial issues of state law, such as the immunity defense raised by Defendant Graham in his motion to dismiss, that percolate through the remainder of this action. Moreover, the Court is certain its colleagues on the state bench are more than capable of addressing any issue of federal law which may be incidental to the disposal of the state law tort claims remaining in this action. Upon consideration, the Court concludes Plaintiff's Motion to Remand is well

taken.  The Court exercises its discretion and remands the state law claims which remain in this action to the state court.

The Court notes with displeasure that the Memorandum in Support of the Motion to Remand (Doc. 31) filed at 5:02 p.m. on June 29, 2012 recites that "Counsel for Plant Food Systems, Inc. prior to June 29, 2012, conferred with ...Robert D. Keough, counsel for James H. Graham, who does not oppose the motion to remand." On June 29, 2912 at 5:37 p.m. Robert D. Keough, as counsel for James H. Graham, submitted a Response to the Order to Show Cause (Doc. 32) in which Defendant Graham requested the court deny the Motion to Remand. Counsel are reminded of their continuing obligation to meet and confer and that the Court relies upon the bona fides of their certifications regarding the position of the parties.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.The claims against Defendants Timothy R. Gottwald, Thomas G. McCollum and Bruce W. Wood have been dismissed without prejudice.  Therefore, the United States of America's Motion for Substitution of Parties (Doc. No. 8) is **DENIED AS MOOT**.

2.Plaintiff's Motion to Correct or for Reconsideration (Doc. No. 28) is **GRANTED IN PART**, as discussed in this Order.

3.Plaintiff's Motion to Remand (Doc. No. 22) is **GRANTED**.  This case is remanded to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.  The Clerk of Court is directed to send a certified copy of this Order to the Clerk of that Court.

4.The Motions to Dismiss filed by Defendants Michael S. Irey and James H. Graham (Doc. Nos. 17, 18) remain pending for the state court to adjudicate as it sees

fit. The Clerk of this Court shall terminate all deadlines associated with such motions.

5. The Clerk of Court is directed to close the file associated with this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 2, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record